,, Mathews, J.
. delivered the opinion ofthecourt. It appears in this case, by the record, which the the judge has certified, to contain all the facts upon which it was tried, that it was, after no *358 tice of trial had been given to the plaintiff, , - , submitted to the jury on the part ot the ie-fendant, who obtained a verdict; and a role afterwards as taken against him to shew cause why the verdict, should not be set aside and a new trial ordered ; that two days after that given to shew cause, tiie rule was set aside and judgment given for the defendant, in pursuance of the verdict, without notice to the plaintiff^ who appealed.
Grymes and Canonge for the pianuui, JUuve-saclor the deienuaai.
On this statement of the case, we are of opinion that the judgment proper to have been rendered in the parish court was a judgment of nonsuit; and that the parish court erred, in discharging the rule by which the defendant was required to shew cause. No cause having been shewn, the rule unless enlarged, might have been made absolute, on the plaintiff’s motion ; but, as it seems to have been left open, notice of the time at which it was afterwards to have been argued, ought to have beeu given him.
It is, therefore, ordered, adjudged and decked hat the judgment be annulled, avoided and reversed, and that the cause be reminded, with directions to the parish judge to reinstate the rule and proceed thereon, according to iaw.